UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL V. ULIN,<br><br>Defendant. | Case No. 3:24-cr-05268-TMC<br><br>ORDER ON EVIDENTIARY HEARING |

## I.  ORDER

Defendant Daniel V. Ulin has moved to suppress evidence obtained from several different searches, seizures, and arrests that took place on October 8, October 16, and October 28, 2024. Dkt. 62. Ulin requests an evidentiary hearing in connection with his suppression motion. *Id.* at 1. The Court has tentatively set aside time on its calendar for that hearing on August 26, 2025. Dkt. 71.

Whether to conduct an evidentiary hearing on a motion to suppress is committed to the discretion of the trial court. *United States v. Keller*, 142 F.4th 645, 655 (9th Cir. 2025). "[A] district court is 'required to conduct an evidentiary hearing when the moving papers filed in connection with a pre-trial suppression motion show that there are contested issues of fact relating to the lawfulness of a search.'" *Id.* at 654 (quoting *United States v. Mejia*, 69 F.3d 309,

ORDER ON EVIDENTIARY HEARING - 1

318 (9th Cir. 1995)) (internal alterations omitted). "But for moving papers to show that there are contested issues of fact warranting an evidentiary hearing, they must 'allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist.'" *Id.* at 654–55 (quoting *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000)). "A simple desire to cross-examine agents that a movant has accused of being untruthful does not itself create grounds for an evidentiary hearing." *Id.* at 655.

Having reviewed Ulin's suppression motion, the government's response, and the exhibits submitted in support of both filings, the Court concludes that Ulin has shown an evidentiary hearing is warranted on two issues for which there are contested material facts: (1) the basis for Officer Keller's reasonable suspicion to stop Ulin on October 8, 2024; and (2) Ulin's interactions with Officer Keller and Detective Larsen outside the 7 Cedars Casino on October 16, 2024, and the extent to which Ulin or his vehicle were seized. Ulin is also entitled to a hearing to challenge the reliability of K9 Luna. *Florida v. Harris*, 568 U.S. 237, 247–48 (2013).

The parties may present oral argument at the hearing on the other legal issues raised in the motion to suppress, but the examination of witnesses will be limited to questioning relevant to the three topics listed above. The parties are directed to meet and confer so that they can inform the courtroom deputy no later than August 19, 2025 of the witnesses who will be called at the hearing and the amount of time anticipated for questioning. Oral argument on the legal issues raised in the motion to suppress (Dkt. 62) and the motion to sever (59) will be limited to 20 minutes per side for each motion (a total of 80 minutes).

Dated this 12th day of August, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER ON EVIDENTIARY HEARING - 2