UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>DANIEL V. ULIN,<br><br>        Defendant. | Case No. 3:24-cr-05268-TMC<br><br>ORDER ON MOTION IN LIMINE |

Before the Court is the government's "motion in limine to prevent irrelevant testimony." (Dkt. 56). The Court has considered the parties' briefs. The motion is ripe for the Court's consideration.

## I.     BACKGROUND

Plaintiff, the government, has charged Defendant, Daniel V. Ulin, with 1) three counts of unlawful possession of a firearm (18 U.S.C. § 922(g)(1)); 2) two counts of possession of controlled substances with intent to distribute (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)); 3) one count of possession of a firearm in furtherance of drug trafficking (18 U.S.C. § 924(c)(1)(A)(i)). Trial is set for October 14, 2025. Dkt. 68. The charges against Ulin arise from interactions with law enforcement on three dates: October 8, October 16, and October 28, 2024. All three interactions involved City of Poulsbo Police Officer Craig Keller. The government moves in

limine to prohibit Ulin from eliciting testimony at trial about Officer Keller's involvement in the fatal shooting of a Native American man, Stonechild Chiefstick, in Poulsbo in July 2019.

## II. DISCUSSION

### A. Legal Standard

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013) (quoting *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009)).

"To exclude evidence on a motion in limine the evidence must be inadmissible on all potential grounds." *Goodman v. Las Vegas Metro. Police Dep't,* 963 F. Supp. 2d 1036, 1047 (D. Nev. 2013), *aff'd in part, rev'd in part, dismissed in part*, 613 F. App'x 610 (9th Cir. 2015) (internal quotations omitted). "[I]f not, the evidentiary ruling is better deferred until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the appropriate context." *Romero v. Washington*, No. 2:20-cv-01027-TL, 2023 WL 6458871, at *1 (W.D. Wash. Oct. 4, 2023) (citation omitted).

In ruling on motions in limine, courts do not "resolve factual disputes or weigh evidence." *United States v. Meech*, 487 F. Supp. 3d 946, 952 (D. Mont. 2020) (internal quotations and citation omitted). The inquiry is discretionary. *See United States v. Layton*, 767 F.2d 549, 554 (9th Cir. 1985).

### B. The Government's Motion in Limine

As noted above, the government moves to prohibit Ulin from eliciting testimony at trial about Officer Keller's involvement in a fatal shooting in July 2019. Dkt. 56. The government maintains that Officer Keller's prior involvement in a police shooting "is wholly irrelevant to Ulin's narcotics and firearms possession case." *Id.* at 4. The government explains that though Officer Keller investigated Ulin on all three dates leading to the charges in this case, "[t]here

were no firearms discharged in any of these incidents, no altercations, and no link" between the 2019 shooting and this case. *Id.* at 5. Ulin has not made an allegation of excessive force against Officer Keller. *Id.* Accordingly, the government argues, testimony about the 2019 shooting is not even minimally relevant. *Id.*

The government also argues that evidence of the 2019 shooting is not admissible through Federal Rule of Evidence 608(b). Under Rule 608(b), "'specific instances' of a witness's prior conduct may be admissible 'in the discretion of the court' for purposes of impeachment in order to show a witness's 'character for truthfulness or untruthfulness.'" *United States v. Price*, 566 F.3d 900, 912 (9th Cir. 2009). The government argues that this is not a basis for admitting evidence of the shooting because there was no discipline or adverse credibility finding against Officer Keller arising from that incident. *See* Dkt. 56 at 3–4; Dkt. 56-1.

Finally, even were Officer Keller's truthfulness questioned, the government argues that raising the "highly emotionally charged police shooting incident would derail the focus of this trial," confusing the jury. Dkt. 56 at 5–6. A trial judge "has considerable discretion in restricting cross-examination." *United States v. Shih*, 73 F.4th 1077, 1095 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 820, 218 L. Ed. 2d 30 (2024) (quoting *United States v. Bensimon*, 172 F.3d 1121, 1128 (9th Cir. 1999)). The judge "may limit cross-examination in order to preclude repetitive questioning, upon determining that a particular subject has been exhausted, or to avoid extensive and time-wasting exploration of collateral matters." *Id.* (quoting *United States v. Weiner*, 578 F.2d 757, 766 (9th Cir. 1978) (per curiam)). The government maintains that any discussion of the 2019 shooting would have no probative value and would unfairly prejudice the jury against Officer Keller. Dkt. 56 at 6.

In response, Ulin asks the Court to defer ruling on this motion until after the evidentiary hearing on his motion to suppress, where he will have the opportunity to cross-examine Officer

ORDER ON MOTION IN LIMINE - 3

Keller. Dkt. 69 at 5. Ulin speculates that evidence of the shooting may become relevant depending on how Officer Keller testifies about why his body camera was not on during his interaction with Ulin on October 16, 2024, since Keller also claimed that his body camera fell off in the moments leading up to the 2019 shooting. *Id.*

Evidence must be relevant to be admissible. *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar, LLC*, 36 F. Supp. 3d 1026, 1037 (E.D. Wash. 2014) (quoting Fed. R. Evid. 402). Under Federal Rule of Evidence 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." "Deciding whether a fact is 'of consequence in determining the action' generally requires considering the substantive issues the case presents." *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019) (citation omitted).

Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *United States v. Thompson*, 606 F. Supp. 3d 1072, 1073 (W.D. Wash. 2022). "'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* at 1073–74 (quoting Fed. R. Evid. 403, Advisory Committee Notes, 1972 Proposed Rules). The Court has "wide latitude" in determining the admissibility of evidence under Rule 403. *Id.* at 1074 (quoting *United States v. Joetzki*, 952 F.2d 1090, 1094 (9th Cir. 1991)).

The Court agrees with the government that any minimal probative value that might result from questioning Officer Keller about the use of his body camera during the 2019 shooting would be substantially outweighed by the danger of unfair prejudice and confusion of the issues. Ulin has presented no evidence of a relevant connection between the killing of Stonechild

ORDER ON MOTION IN LIMINE - 4

Chiefstick and this case. Ulin will be permitted to thoroughly cross-examine Officer Keller on the operation of his body camera during his interactions with Ulin, his history of using a body camera while on patrol, and his understanding of his agency's policies governing use of the camera. But the minimal relevance of additional testimony about the 2019 shooting itself is substantially outweighed by the danger that the jury will be unfairly prejudiced against Officer Keller or that the issues surrounding his credibility in this trial will be confused.

The government's motion in limine is therefore GRANTED. If the defense believes that testimony from Officer Keller during either the suppression hearing or the trial opens the door to evidence about the 2019 shooting, Ulin may move for reconsideration outside the presence of the jury.

### III.   CONCLUSION

For the reasons explained above, the government's motion in limine (Dkt. 56) is GRANTED.

Dated this 12th day of August, 2025.

Tiffany M. Cartwright
United States District Judge